Matthew T. Gammons, Esq.
Rosenbaum & Rosenbaum, P.C., for the Plaintiff
100 Wall Street, 15th Floor
New York, New York 10005
Tel. (212) 514-5007
Fax (212) 514-9178
Email: mg@rosenbaumnylaw.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

COURTNEY BUCKLEY,                                    17-CV-0224 (JMF)

              Plaintiff,

       v.

THE CITY OF NEW YORK, THE NEW YORK
CITY POLICE DEPARTMENT and THE NEW
YORK CITY DEPARTMENT OF CORRECTIONS,

              Defendants.
-----------------------------------------------------------X

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Courtney Buckley ("Mr. Buckley" or "Plaintiff"), by and through his attorneys,

Rosenbaum & Rosenbaum, P.C., as and for his Amended Complaint in the action against

Defendants The City of New York, The New York City Police Department (the "NYPD) and The

New York City Department of Corrections (the "DOC") (together, "Defendants"), hereby alleges

as follows:

## NATURE OF THE ACTION

1.      This is an action for declaratory, injunctive and equitable relief, as well as monetary

damages, to redress Defendants' unlawful employment practices committed against Mr. Buckley,

including their unlawful retaliation in violation of the First Amendment's Petition Clause, 42

U.S.C.S. § 1983 ("Section 1983").

2.      Over the course of the last ten (10) years, Mr. Buckley has worked for the New York City Department of Homeless Services as a Community Associate helping to prevent homelessness and helping individuals and families transition rapidly into permanent housing. Mr. Buckley's passion is helping people and contributing to the betterment of his community.

3.      For the past four (4) years, Mr. Buckley has attempted to gain employment with the New York City Police Department and the New York City Department of Corrections. Mr. Buckley believed that being a New York City Police Officer or Corrections Officer would allow him a greater opportunity to help people and contribute to his community.

4.      Yet, for the past four (4) years, the New York City Police Department and the New York City Department of Corrections have repeatedly subjected Mr. Buckley to unlawful retaliation in violation of the First Amendment's Petition Clause and refused to hire him.

5.      Defendants' refusal to consider Mr. Buckley for employment is in retaliation for a lawsuit filed by Mr. Buckley against the New York City Police Department for an accident that occurred in 2009. In the lawsuit, Mr. Buckley alleged a NYPD police cruiser rear-ended his parked car because the police officer was not paying attention to the road as he was driving. Notably, the police officer admitted that he was distracted and not paying attention to the road when he rear-ended Mr. Buckley. As a result of the collision Mr. Buckley had to undergo surgery to repair torn muscles in his shoulder and missed significant time from work. Despite the fact that the police officer driving the vehicle admitted that he was not paying attention, both the New York City Police Department and the New York City Department of Corrections have refused to hire Mr. Buckley because he filed that lawsuit.

6.      Defendants' conduct in refusing to employ Mr. Buckley because of his prior lawsuit against them was knowing, malicious, willful, wanton and/or showed a reckless disregard for Mr.

Buckley, which caused, and continues to cause, Mr. Buckley to suffer substantial economic and non-economic damages and permanent harm to his professional and personal reputation.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Mr. Buckley's rights in violation of the First Amendment's Petition Clause, 42 U.S.C.S. § 1983 ("Section 1983").

8.      Venue is proper in this district pursuant to 42 U.S.C. § 2000e-(5) (f) (3) because the unlawful employment practices and/or retaliation against Mr. Buckley were committed in this district, the employment records relevant to the unlawful employment practices and/or retaliation are maintained and administered in this district, and The New York City Department of Corrections, The New York City Police Department and The City of New York maintain their principal offices in Manhattan.

9.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) because Defendants reside in this district and a substantial portion of the events or omissions giving rise to this action occurred in this district.

## PARTIES

10.     Plaintiff Courtney Buckley is 34 years old and resides in the county of Bronx, in the State of New York.

11.     Since 2007, Mr. Buckley has been employed by the City of New York and New York City Department of Homeless Services as a Community Associate.

12.     At all relevant times, Defendants are municipalities and/or subdivisions of municipalities in the State of New York.

13.     Defendant New York City Department of Corrections is a subdivision of the City of New York and a governmental agency.

14.     Defendant New York City Police Department is a subdivision of the City of New York and a governmental agency.

15.     The DOC enhances public safety by having incarcerated persons return home under supportive supervision less likely to revert to criminal behavior. The DOC aims to improve public safety by providing a continuity of appropriate treatment services in safe and secure facilities where all inmates' needs are addressed and they are prepared for release, followed by supportive services for all parolees under community supervision to facilitate a successful completion of their sentence.

16.     The mission of the NYPD is to enhance the quality of life in New York City by working in partnership with the community to enforce the law, preserve peace, reduce fear, and maintain order. The Department is committed to accomplishing its mission to protect the lives and property of all citizens of New York City by treating every citizen with courtesy, professionalism, and respect, and to enforce the laws impartially, fighting crime both through deterrence and the relentless pursuit of criminals.

17.     At all relevant times, Defendant DOC has met the definition of an "employer" under all applicable statutes.

18.     At all relevant times, Defendant NYPD has met the definition of an "employer" under all applicable statutes.

19.     At all relevant times, Defendant City of New York has met the definition of an "employer" under all applicable statutes.

## PROCEDURAL REQUIREMENTS

20.     Mr. Buckley has complied with all statutory prerequisites to his 1983 claims, having filed a charge of discrimination with the Equal Opportunity Commission ("EEOC") New York District Office on August 5, 2016. (Charge No. 520-2016-03369).

21.     On or about October 12, 2016, the EEOC issued a right to sue letter and that letter was received on or about October 17, 2016. (See Notice of Right to Sue attached hereto as **"Exhibit A"**).

22.     This lawsuit has been filed within 90 days of receipt of Mr. Buckley's right to sue letter.

23.     Any and all other prerequisites to the filing of this lawsuit have been satisfied.

## FACTUAL ALLEGATIONS

24.     Mr. Buckley is currently employed by the New York City Department of Homeless Services as a Community Associate.

25.     Mr. Buckley has performed his duties as a Community Associate for the Department of Homeless Services from 2007 to the present in an exceptional manner and with the highest degree of integrity, despite being repeatedly retaliated against by the City of New York by and through its subdivisions the New York City Police Department and New York City Department of Corrections.

26.     Throughout the last four (4) years the Defendants have refused to treat Mr. Buckley fairly and equitably because he exercised his First Amendment right to petition the court in filing a lawsuit against the City of New York and New York City Police Department, despite the NYPD being completely at fault for the accident and Mr. Buckley's injuries.

27.     Mr. Buckley met and continues to meet the physical requirements necessary to be a police officer or corrections officer.

28.     Mr. Buckley applied for employment with the New York City Police Department in approximately 2013.

29.     On March 13, 2015, the New York City Police Department sent a letter to Mr. Buckley stating that he was disqualified from serving as a police officer because he was "not psychologically suited to the unique demands and stresses of employment as a Police Officer".

30.     The primary basis for the disqualification was lack of integrity which they defined as, "involves maintaining high standards of personal conduct, including being honest, impartial and trustworthy; abiding by laws, regulations, and procedures; and not abusing the system or one's position for personal gain".

31.     On March 30, 2015, Licensed Master Social Worker Raquel Jones served a written request to the Director of Psychological Services to review Courtney Buckley's Psychological services record to determine whether the disqualification should be appealed.

32.     On May 5, 2015, the Appeals Office of the Police Department Psychological Services Section sent a copy of Courtney Buckley's Psychological services record to Licensed Master Social Worker Raquel Jones.

33.     Raquel Jones determined there was nothing in Courtney Buckley's psychological services record that should prevent him from being a police officer and they appealed on that basis.

34.     On August 31, 2015, the City of New York sent a letter denying Courtney Buckley's appeal.

35.     Subsequently, Mr. Buckley applied for employment with the New York City Department of Corrections in late 2015.

36.     On February 9, 2016, The City of New York sent Courtney Buckley a notice that he was "psychologically not qualified for the title of Correction Officer".

37.     On March 2, 2016, Courtney Buckley appealed his disqualification again via Licensed Master Social Worker Raquel Jones.

38.     In the Psychological Services Evaluation Report, The New York City Corrections Department Investigation Unit concluded that the "candidate has evidenced a pervasive pattern of poor integrity"....including "a questionable pattern of litigious behavior, most notably suing and receiving a $100,000 settlement from the NYPD in 2009 – and then subsequently applying to work for this organization".

39.     The other evidence of poor integrity cited by The New York City Department of Corrections Investigation Unit was (1) the candidate was fired from a job for allegedly cheating on a test, (2) he was arrested for grand larceny, (3) he was disqualified for a job with the NYPD, and (4) not knowing the details of 2 disorderly conduct criminal court appearances.

40.     Courtney Buckley consulted with a lawyer to determine whether to appeal his termination for allegedly cheating which he steadfastly denied but decided not to because of the legal costs and the small benefit to be gained since it was only a part time job.

41.     The NYC Dept. of Corrections never investigated the circumstances of this allegation or attempted to corroborate it which strongly suggests this was not a major issue.

42.     The grand larceny charge was completely dismissed without any penalty to Courtney Buckley because he was the victim of a criminal scheme.

43.     The NYC Dept. of Corrections never investigated the circumstances of this criminal case or attempted to corroborate it which strongly suggests this was not a major issue.

44.     One disorderly conduct violation was for driving while on his cell phone and one

was for playing loud music while in a motor vehicle.  Both violations were so minor that he merely

paid fines and did not recall the details.  He readily admitted it occurred but did not remember

specific details.

45.     The NYC Dept. of Corrections never investigated the circumstances of these minor

infractions or attempted to corroborate it which strongly suggests this was not a major issue.

46.     The NYC Dept. of Corrections did investigate and scrutinize Courtney Buckley's

prior lawsuit against the NYPD and specifically cited it in their decision to deny him employment,

which strongly suggests the denial of his employment was motivated or substantially caused by

activity protected under the First Amendment.

47.     Licensed Master Social Worker Raquel Jones determined based upon her review

that there was no concrete basis for Courtney Buckley's disqualification and again on that basis

they appealed.

48.     The New York City Department of Corrections denied the appeal by letter dated

May 17, 2016.

## AS AND FOR A FIRST CAUSE OF ACTION - RETALIATION IN VIOLATION OF THE FIRST AMENDMENT'S PETITION CLAUSE

49.     Mr. Buckley hereby repeats and realleges each and every allegation as contained in

each of the preceding paragraphs as if fully set forth herein.

50.     Defendants have retaliated against Mr. Buckley on the basis of his lawsuit against

the New York City Police Department in violation of the First Amendment's Petition Clause by

denying him the same terms and conditions of employment available to others.

51.     As a direct and proximate result of Defendants' unlawful retaliation in violation of

the First Amendment's Petition Clause, Mr. Buckley has suffered, and continues to suffer,

monetary and/or economic harm, including but not limited to loss of past and future income, compensation and benefits for which Mr. Buckley is entitled to an award of damages.

52.     As a direct and proximate result of Defendants' unlawful retaliation in violation of the First Amendment's Petition Clause, Mr. Buckley has suffered, and continues to suffer depression, humiliation, embarrassment, anxiety, loss of self-esteem and confidence for which Mr. Buckley is entitled to an award of compensatory damages.

53.     Defendants' unlawful retaliation constitutes malicious, willful and wanton violations of the First Amendment's Petition Clause for which Mr. Buckley is entitled to an award of punitive damages.

## AS AND FOR A SECOND CAUSE OF ACTION - FAILURE TO HIRE IN VIOLATION OF THE FIRST AMENDMENT'S PETITION CLAUSE

54.     Mr. Buckley hereby repeats and realleges each and every allegation as contained in each of the proceeding paragraphs as if fully set forth herein.

55.     Defendants violated Mr. Buckley's right to freely petition the court to redress injuries sustained when Mr. Buckley was severely injured in an accident caused by the New York City Police Department's negligence.

56.     As a direct and proximate result of Defendants' unlawful retaliation in violation of the First Amendment's Petition Clause, Mr. Buckley has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to loss of past and future income, compensation and benefits for which Mr. Buckley is entitled to an award of damages.

57.     As a direct and proximate result of Defendants' unlawful retaliation in violation of the First Amendment's Petition Clause, Mr. Buckley has suffered, and continues to suffer depression, humiliation, embarrassment, anxiety, loss of self-esteem and confidence for which Mr. Buckley is entitled to an award of compensatory damages.

58.     Defendants' unlawful retaliation constitutes malicious, willful and wanton violations of the First Amendment's Petition Clause for which Mr. Buckley is entitled to an award of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Buckley prays that the Court enter a judgment in his favor and against Defendants, containing the following relief:

A.     A declaratory judgment that the actions, conduct and practices of the Defendants complained of herein violate the law of the United States and the State of New York;

B.     An injunction and order permanently restraining Defendants from engaging in such unlawful conduct;

C.     An order directing Defendants to take such affirmative action as is necessary to ensure that the effects of the unlawful retaliatory practices are eliminated and do not continue to affect Mr. Buckley's employment and personal life;

D.     An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Mr. Buckley for all monetary and/or economic damages, including but not limited to, the loss of past and future income, wages, compensation, seniority and other benefits of employment;

E.     An award of damages in the amount to be determined at trial, plus prejudgment interest, to compensate Mr. Buckley for all non-monetary and/or compensatory damages, including but not limited to, compensation for his humiliation, embarrassment, stress and anxiety;

F.     An award of damages for any and all other monetary and/or non-monetary losses suffered by Mr. Buckley in an amount to be determined at trial, plus prejudgment interest;

G.     An award of punitive damages;

H.     An award of costs that Mr. Buckley has incurred in this action, as well as Mr.

Buckley's reasonable attorneys' fees to the fullest extent permitted by law; and

I.     Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: New York, New York
         January 30, 2018

Respectfully submitted,

Matthew T. Gammons