USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/02/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
COURTNEY BUCKLEY, :
:
:
                    Plaintiff, : 17-CV-0224 (JMF)
    -v- :
: MEMORANDUM OPINION
CITY OF NEW YORK et al., : AND ORDER
:
                  Defendants. :
:
-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

    In this case, familiarity with which is presumed, Plaintiff Courtney Buckley brings First Amendment retaliation claims against the City of New York (the "City"), the New York City Police Department ("NYPD"), and the New York City Department of Correction ("DOC"), alleging that he was denied employment because he had previously sued the NYPD. In a Memorandum Opinion and Order entered on January 2, 2018, the Court dismissed Buckley's first complaint, finding that his conclusory allegations that he had been denied employment based on the prior lawsuit were contradicted by letters from the NYPD and DOC, incorporated by reference in the complaint, that spelled out the "multitude" of reasons for Buckley's rejections. *See Buckley v. City of New York*, 2018 WL 264114, at *2 (S.D.N.Y. Jan. 2, 2018) (Docket No. 25). The Court acknowledged that a psychological report cited by the DOC made "passing reference" to Buckley's lawsuit against the NYPD, but ultimately concluded that, "[r]ead as a whole, the Report makes clear that Buckley's lawsuit against the NYPD was neither the motivation nor a substantial cause of the DOC's decision not to hire him as a correction officer. Put differently, when viewed in context, the passing reference to Buckley's lawsuit simply does not bear the weight that Buckley places on it." *Id.* The Court expressed skepticism

that Buckley "could ever state a plausible claim of First Amendment retaliation" in view of the letters from the NYPD and DOC, but, out of an abundance of caution, granted him "one chance to amend his Complaint to allege any other facts he might have to establish causation." *Id.* at *3. He did so, (Docket No. 26 ("Am. Compl.")), and Defendants now move again to dismiss, (Docket No. 27).

Defendants' motion is granted because, once again, Buckley fails to allege sufficient facts to support an inference of causation. That is plainly true with respect to the claims against the NYPD, as Buckley's Amended Complaint makes no allegations of causation whatsoever. There is no claim — not even a conclusory one — that the NYPD declined to hire Buckley in retaliation for his prior lawsuit against the Department. Instead, the Amended Complaint states only that "the New York City Police Department sent a letter to Mr. Buckley stating that he was disqualified from serving as a police officer because he was 'not psychologically suited to the unique demands and stresses of employment as a Police Officer'" and that "[t]he primary basis for the disqualification was lack of integrity." (Am. Compl. ¶¶ 29-30). While Buckley's original complaint had alleged in conclusory fashion that "[t]he NYPD determined that he was not fit to be a police officer because he had previously filed a lawsuit against them," (Docket No. 2, ¶ 24), that allegation is conspicuously absent from his Amended Complaint.[1] Thus, Buckley's claims against the NYPD must be and are dismissed.

Buckley's amendments do not cure the defects with respect to his DOC claims either. Notably, Buckley alleges no new *facts* that would support an inference that his prior lawsuit was a substantial motivating factor in his rejection. Instead, he merely offers *arguments* for why the

---

[1] There were two sets of paragraphs numbered 22 through 26 in Buckley's original Complaint. The paragraph cited herein refers to the paragraph 24 on page six of the Complaint.

myriad reasons cited by the DOC should not have been disqualifying. (Docket No. 29 ("Buckley Mem."), at 10-11). For instance, Buckley denies that he cheated at an earlier job and claims that he did not contest his termination on that basis because "it was only a part time job"; asserts that a prior grand larceny charge was dismissed because Buckley "was the victim of a criminal scheme"; and contends that two disorderly conduct violations "were so minor that he merely paid fines and did not recall the details." (Am. Compl. ¶¶ 40, 42, 44). He alleges that the DOC did not investigate the circumstances of these incidents and that that "strongly suggests th[ese] w[ere] not major issue[s]" in the denial of his application. (*Id.* ¶¶ 41, 43, 45). He also alleges that a social worker, Raquel Jones, subsequently investigated his records and found that "there was no concrete basis for Courtney Buckley's disqualification." (*Id.* ¶ 47). But Buckley makes no allegation that he provided these mitigating explanations to the DOC during hiring process. (In fact, the DOC's Pre-Employment Psychological Evaluation Report notes that Buckley was "consistently and highly defensive and evasive in the interview." (Docket No. 20-1, at 6).) Given that, his new "allegations" are merely *post hoc* arguments for why the DOC *should* not have cared about the prior incidents. They do nothing to suggest that the DOC *did* not care about the incidents. And they certainly do not support an inference, plausible or otherwise, that the DOC's actions were motivated or substantially caused by Buckley's prior lawsuit — which is fatal to Buckley's DOC claims.[2]

Significantly, Buckley himself all but concedes that he cannot allege facts that would support a plausible inference of causation. "With reference to the alleged 'conclusory' nature of the new reasons set forth by plaintiff," he writes, "it is respectfully submitted that plaintiff cannot

---

[2] As the Court noted in its prior Opinion, in the absence of claims against either the NYPD or the DOC, Buckley has no valid municipal liability claim against the City either. *See, e.g.*, *Schultz v. Inc. Vill. of Bellport*, 479 F. App'x 358, 360 (2d Cir. 2012) (summary order).

properly and fully challenge the defendants' purported reasons for disqualification without being permitted to obtain the investigative file and depose the investigators and personnel that made these decisions." (Buckley Mem. 5). That may or may not be true. Unfortunately for Buckley, however, the Supreme Court has made clear that a plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully" in order to "unlock the doors of discovery." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Buckley's Amended Complaint and opposition to Defendants' motion make plain that he cannot make that showing. Accordingly, Defendants' motion to dismiss must be and is GRANTED, and Plaintiff's Amended Complaint is dismissed without leave to amend. *See*, *e.g.*, *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (per curiam) ("Where it appears that granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend."); *Transeo S.A.R.L. v. Bessemer Venture Partners VI L.P.*, 936 F. Supp. 2d 376, 415 (S.D.N.Y. 2013) (noting that a plaintiff's "failure to fix deficiencies in [his] previous pleadings is alone sufficient ground to deny leave to amend *sua sponte*").

The Clerk of Court is directed to terminate Docket No. 26 and to close the case.

SO ORDERED.

Dated: August 2, 2018
New York, New York

_____
JESSE M. FURMAN
United States District Judge